The case on the docket this morning is First Bank of Carmier v. Stratemeyer There are a lot of clerks performing this summer. Judge, are those all your clerks? No, they are not. Ready to turn? We are here today on an appeal brought by Sun Industries, who is a mortgagor of 4 parcels of real estate to a bank in Carmier, First National Bank. As it turned out, due to some circumstances beyond the control of Sun Industries, they were unable to pay the mortgage obligation when it became due. A foreclosure action was brought. Various parties were brought in. One of the parties being Eugene Stratemeyer, who is a tenant on this property, was sold. Ultimately, there was a judgment of foreclosure entered. The judge ordered the sale to be conducted in accordance with statute, notice to be given in accordance with statute, and publication was made in the plan, a newspaper in Metropolis, Illinois. That publication, according to the certificate supplied by the publisher, reflects that there were three publications on appropriate dates over a three-week period, wherein in the legal section of the newspaper the publication was made. There is a separate certificate from the publisher that simply says another publication was made. It doesn't show where it was made in the newspaper. It doesn't identify anything in the classified ads or real estate section, legal section of the newspaper. And when that became known to Sun Industries, my client, the defendant appellant, we made an objection to that and asked that the sale be stayed in order for the publication to be made correctly. We filed a motion that's part of the record in this case. It's also in the appendix. That motion was filed prior to the sale? Yes, it was filed on the 22nd day of June, sales the 24th of June, and that was heard by telephone. And I think in our statement of facts, we indicate that during, and I don't think it was disputed, at that time the court overruled that, but advised the plaintiff that they may have to re-bid and re-sale, sell the property after the fact. What's unique about that situation, Judge, is I have found no cases anywhere, and maybe my inadequacy as a lawyer, but I haven't found any cases anywhere where that has been done, where there was an objection made prior to the sale, and I think that's an important distinction in this case. The rule is pretty simple, that if by error or oversight there's an initiative flaw in a publication and a sale occurs, then it's going to stand unless you can show fraud or unconscionable sale. Any standard is set by statute. But that's after the fact, after it's done, not in a situation where you're going to say they haven't done this, Judge. They didn't claim that they had done it. The judge just didn't rule that they had to do it at that point. So what we see there is that if the law means anything that says you have to publish three times in the legal section, and it says advertisements in the real estate section, implying that there are multiple, and it's read in conjunction with the first one, so there should be three advertisements in the real estate section of the newspaper. That statute's there and aren't really released because the courts and the legislature want people to get as much out of their property as they possibly can, have the greatest amount of coverage, and get it presented to as many people who might be interested purchasers. In this case, there was only one publication, and it was outside of the legals, but it doesn't say where. Now, in the ultimate motion for confirmation of the judgment filed by plaintiff, plaintiff asserts that it was published one time in a subsection of the classified ads. It doesn't identify where it was in the subsection of the classified ads, but the mere fact that there's classified ads would suggest that there's a subsection that would deal with real estate. If it is appropriate for the plaintiff to do what the plaintiff did in this case, then the statute requiring those publications is meaningless. Now, it was brought to their attention in advance of the sale. They didn't do anything about it. We had a sale. And either there is an obligation to do those publications or there is not. That's what we had to say in regard to the publication. It wasn't proper. It was brought to the attention of the plaintiff and the court in advance of the sale with full opportunity to continue the sale date, publish appropriately, not necessarily republish the other, just in the legal section of the real estate section of the newspaper, and meet and comply with the statute in that regard. We think they should have done it. Now, when we actually get to the sale, there were three parcels that were sold out of a total of four. Parcel number one sold for $165,000. Parcel two sold for $50,000. And parcel three sold for $1.9 million. Parcel one would have been somewhat the neighborhood of what the fair market value was. When you look at our objection to the set to be our objection. Let me ask a question, Mr. Turner. The judgment of foreclosure lists five tracks, track one, track two, and so forth. Were they sold in the same order as they're listed in the judgment? Yes, they were. They were. They were sold in the same order. What's unique about this case, and, again, I've found no cases reported in Illinois where you had a sale of track one, track two, track three, and track three was more than sufficient to cover the entire amount of the judgment cost, attorneys' fees, and have a surplus on track three only. Tracks one and two were absolutely unnecessary to be sold in order to satisfy the judgment. We believe because of the failure of publication, all of the sales should be set aside. The order confirming the sale should be vacated, and we should go back and have the resale of publication. But even if the court were to disregard that or find that's not the case, we cannot concede to the situation where a court in equity can say we're going to sell two tracks of land that we don't need to sell, that you don't want sold, and we're going to give you the money for it without any justification as to protection of the mortgage or the mortgagee. Now, the courts have an equal obligation to protect the mortgageors. It is a court of equity. And there is nothing that gives anybody that I've found who is a purchaser at a foreclosure sale a right to pursue and enforce that bid and sale because it is not a sale until it is confirmed by the court. A purchaser at a foreclosure only has made an irrevocable offer to purchase at a specified price. They're bound by that, and that is enforceable by the courts and by the plaintiff. But the converse isn't true. They don't have a right to say I bid, I was the highest bid, I'm going to buy this piece of property. The court does not have to confirm it. When you look at the statute, 1507, it specifically states that only so much of the real estate is necessary to satisfy the judgment will be sold. Now, I understand normally we have a situation where you sell tract one, it's not sufficient. You sell tract two, it's not sufficient. And if with one and two are not sufficient, you sell tract three, and one, two, and part of three is necessary to meet that judgment and satisfy it. That's understandable. But when you sell one, and you sell two, and those combined are inadequate, and you sell three, and you have 2.8 times surplus left over, that's 2.8 times the value of the tracts one and two that were sold, something terribly wrong. It's not necessary. There is no right in the purchaser to purchase. This is a court of equity, and the court should not confirm in regard to one or two. And you did object to the confirmation of the sale on that basis. Is that right, Mr. President? Yes, we did. As to tracts one and two. Well, we objected to all, but in the alternative we said that, you know, the bare minimum, tracts one and two should not be confirmed for that reason. I lost my train of thought, of course. Sorry. That's all right. Thank you. I can't imagine a situation where it could ever be fair to sell items of real estate where the law doesn't require it, and it doesn't satisfy any need in conjunction with the sale itself. We've got a situation where we're now, for this court, trying to undo what was, in our view, incorrectly done in the first instance, and we think that we need to get back to a situation where tracts one and two are out, tracts because of the lack of need for sale, and as to tract two, we want to point out that attached to our motion to stay, we have the affidavit of Sam Stratton, who is one of the people who is an owner of Sun Industries as the president, and in that affidavit he stated that the prices that were reflected in the appraisal were accurate as of the date that he made his affidavit. That affidavit said that tract two was appraised at $500,000 in 2008, and it ought to be worth that amount now. Tract two sold at a foreclosure sale for $50,000, one-tenth of what it was appraised for in 2008. When the property isn't needed for sale, and there's what I would consider to be an unconscionable sale price, it certainly need not be for sale. We think we've met our burden, Your Honor, to present this to the court. We think that the plaintiff has failed to establish that they properly published, and I think that's their initial burden to file a certificate of publication, a certificate of notice. They have to show you that they have met their burden. They haven't done that. It was brought to their attention in advance of sale. They still didn't do it, and we think for those reasons, Your Honor, the order confirming the sale ought to be vacated. Thank you, counsel. Thank you. Krueger. May it please the Court. Mr. Turner, I will be arguing on behalf of the First National Bank of Carmine, who is the plaintiff, as well as Daniel Burnett, who is the purchaser of tract three at the sale, and Rollo Burnett, who was an S&E from Daniel Burnett. And we filed a joint brief on behalf of all three. And interestingly, there's no one here arguing who bought tract one or two. No, there is not. Just to make sure I understand that. Okay. There is not. Okay. Three things that I'd like to address to the Court. One is the notice that's required to be published in this particular instance. The second is what must be shown to set aside a judicially ordered sale. And the third would be whose burden is it to show that. The first thing is on the notice. It's Section 1507C2 of the Illinois Mortgage Proposal Act. It says that if a newspaper does not have a separate legal notice and real estate advertisement section, a single advertisement with a legal description shall be sufficient. So it comes down to whether the Metropolis Planet small weekly paper has two sections, a legal notice section and a real estate advertisement section. This, again, is a small county paper. And we would submit that given the situation here, it would be the burden of proof on some industries to show that there are two sections, that there is a legal notice section and a real estate advertisement section. Could have been easily approved. Put the newspaper into evidence. Call the editor or the publisher that that was not done. The Court confirmed. Again, it's a small newspaper. There's nothing in this record to show that there are two sections, a legal notice section and a real estate advertisement section. Just the record is silent on that. And that would be the burden. If the Sun Industries is raising that, then they have the duty to come forward on that issue. Judge Ickes found that there was adequate notice. That's in his findings. He cited on pages 7 to 8 of our brief. There are two certificates in the record. But neither one of them indicates what section they're published in. I think Sun Industries was incorrect. They just say it was published. And we have met the burden of the statute, and that is a single advertisement with the legal description shall be sufficient. And that was done. The second issue would be whose burden. And the law is very clear here that it's up to the objector of the judicially ordered sale to show it's their burden of proof. In 7D of 1508, excuse me, 1508D of the Mortgage Foreclosure Act, the statute says that you can't raise the issue of notice, and the court shall confirm unless good cause is shown. 1508D says you have to confirm unless good cause is shown. And then 1508B says if you raise the issue of notice, you shall confirm unless five items take place. None of those five items took place in this case. The five items were one is the defect in the notice. Well, there's no defect in the notice here because all that is required is a single publication three consecutive times, which was done. There's no defect in the notice. It's not an unconscionable sale. This land brought, Track 3 brought $1,900,000. It was the appraisal was $1,266,000. There was a surplus of $634,000. Clearly not an unconscionable sale. The third matter is if it's fraudulent. Sun Industries concedes that it was not fraudulent. And the third thing is if justice were done. Well, justice was done by the sale price and by the fact that the publication was assured to give notice to all possible bidders. The record shows here there were 35 people appeared, registered, 17 signed the registration. There were several bids. The notice did get out, no doubt about it. And the single publication requirement under the statute was complied with. The burden of proof to show that the sale should not be confirmed is on the objector. They did not meet their burden of proof. Judge Ickes was right, and this court should confirm. Another problem in this case is that the record is incomplete. The hearing transcript shows that there had been proceedings. The case started during the lunch hour, but it was not transcribed until later on. The record says that it was incomplete. So we're faced with a situation with an incomplete transcript. The law is that you presume the missing material supports the trial court's decision. I think that's the presumption. And also Judge Ickes, in his opinion, made the statement that he would fully advise the premises. And, again, that creates another presumption that the trial court had adequate evidence and that there's this presumption against the appellant, against the objector to the tax sale. So we would assert that Judge Ickes was correct and the decision should be affirmed. Now, the order of sale, which is another issue that's raised there, I am not sure that we've got a dog in that fight. Either the First National Bank of Carmine or Rallo or Danny Burnett. It really doesn't matter to you, does it? I mean, the sale of Track 3 was sufficient to pay your debt and all fees? Yes. The bank was fully paid, yes. And in that section of the brief, Sudden Industries does not raise the issues to Track 3 and don't say anything about the distribution of proceeds. The loan was paid. Even though you don't represent them, you don't think that Track 1 and Track 2 needed to be sold, in retrospect? Well, trying to put yourself in the sheriff's position, I mean, he sold them in the order of sale. And Judge Ickes, in his opinion, said that's the logical way to sell them, as they're listed. But in retrospect, in hindsight, in retrospect, it wasn't necessary to sell Track 1 and Track 2. That's correct. With the $1,000,009 coming in, it's fully satisfied the judge. Do you agree, Mr. Krueger, with Mr. Turner's argument that the sale isn't final until the court confirms it? I'm sorry? That the sale isn't final until the court confirms it? In other words, whatever happened at the auction wasn't going to be final until the court? Oh, yes. So the court could have said, okay, I'm going to strike 1 and 2 and just sell 3? Yes. Yes, the court would have – the court has broad discretion in the hearing on a motion to confirm. It's an abuse of discretion. Did the bank object to – now, did the appellant send the industry to file an objection to the motion to confirm sale? Yes. Did your client, the bank, object to it? Yes, I think we filed a response, and I know we argued it, yes. Why? If it didn't make any difference? You said you weren't here on behalf of the public. We also argued it and responded to it in the brief as well, but again, I'm not sure we've got a dog in that fight. But you did object to the motion objecting to the confirmation of sale? Yes. Even though it didn't affect your client? No, well, there were other matters in that motion. There was the matter of the notice, and yes, that's very critical to us. I mean, we did respond to that, but we think the notice was correct. There's no proof of any separate sections. So that was the thrust of your objection, the objection that opposing counsel made to this lack of sufficiency in the notice? Yes, that plus the burden of proof was on that. You didn't object to the order of sale? If we did, it wasn't a strong objection. In conclusion, we just ask that Judge Ickes be confirmed or any alternative that be confirmed as to Track 3. Thank you, counsel. Any rebuttal? No. Just a brief comment. Our motion, our objection to the motion of confirmation of sale, we asserted there that there were three publications that need to be made in the real estate section of the newspaper. And I don't think there's anything in the record that reflects that they dispute the fact that they were posted in the real estate section of the newspaper. I don't think we have a duty to put on evidence the things that aren't disputed. And that's just the way we see that. And I agree with Mr. Krueger. Our objection to the confirmation had various other things in it, one of which would have been the publication, which would have thrown all three out. We think the publication was inadequate. I think that that is basis enough to throw it all out. But certainly, Tracks 1 and 2 should never have been confirmed. I'm assuming that the court confirmed some and did not confirm others. And we also believe that the price for Track 2 is commercially unreasonable, irrespective of the fact that Track 3 sold for $16,400. Thank you. Thank you, gentlemen. We'll take the matter and advise it and get back to you shortly.